DIANE J. LEBLANC & another[1] vs. ANDREW J. FRIEDMAN.

No. 99-P-1657.

Middlesex. October 10, 2001. - January 31, 2002.

Present: PORADA, GILLERMAN, & DUFFLY, JJ.

Further appellate review granted, 436 Mass. 1102 (2002).

*Release. Mistake. Negligence,* Medical malpractice.

In an action for medical malpractice in which the plaintiffs had executed a general release, releasing the defendant for all known and unknown injuries arising out of the defendant's treatment of the plaintiff, the judge incorrectly granted a motion for summary judgment for the defendant, where, since the release was the product of a mutual mistake, a material issue of fact existed whether the plaintiffs intended to release the defendant for an existing but unknown injury at the time the parties executed the release. [698-699]

CIVIL ACTION commenced in the Superior Court Department on May 20, 1997.

The case was heard by *Charles T. Spurlock,* J., on a motion for summary judgment.

*Barry D. Lang* for the plaintiffs.

*Kevin C. Reidy* for the defendant.

PORADA, J. On or about May 20, 1997, the plaintiffs commenced this action in the Superior Court against the defendant for medical malpractice in the treatment of the plaintiff, Diane J. Leblanc (Leblanc), in March and June of 1992.[2] The defendant filed a motion for summary judgment on the ground that in August, 1992, the plaintiffs had executed a general release releasing the defendant for all known and unknown injuries arising out of the treatment of Leblanc on or about March 16, 1992. A Superior Court judge allowed the defendant's motion and judgment entered for the defendant. The plaintiffs

[1]Roland A. Leblanc.

[2]Roland A. Leblanc's claim is for loss of consortium.

appeal, arguing that a material issue of fact exists as to whether the plaintiffs intended to release the defendant for an existing but unknown injury at the time they executed the release. We agree and reverse the judgment.

We summarize the uncontroverted facts. Leblanc underwent an ultrasound procedure in June, 1991, which visualized two ovaries. She was referred to the defendant for treatment of problems associated with endometriosis. The defendant performed a laparoscopy on March 16, 1992, during which he failed to detect the presence of Leblanc's left ovary and, also, left a medical instrument inside Leblanc's body. In June, 1992, the defendant performed a hysterectomy, during which he failed to remove Leblanc's left ovary.

Thereafter, the plaintiffs were contacted by an insurance adjuster about settling any claim they might have against the defendant and others relating to the medical instrument left inside Leblanc during the laparoscopy. In return for the sum of $7,000, the plaintiffs released the defendant, the manufacturer of the medical instrument, another physician who assisted in the laparoscopy, and Brigham and Women's Hospital for all claims for injuries arising out of the care and treatment rendered to Leblanc on or about March 16, 1992, by the defendant. The release also explicitly provided "that this [r]elease is to compromise and terminate all claims for injuries and/or damages of whatever nature, known or unknown, including future developments thereof in anyway growing out of [or] connected with or which may hereafter in any way grow out of or be connected with said care and treatment of its results." The plaintiffs executed the release without consulting an attorney.

In the spring and summer of 1994, Leblanc experienced severe pain and discomfort. Further medical testing disclosed the presence of a left ovary. The left ovary was surgically removed in September, 1994.

Although the release in question explicitly discharged liability for known and unknown injuries, it would not constitute a bar to the plaintiffs' action if it was the product of a mutual mistake. *LaFleur* v. *C.C. Pierce Co.*, 398 Mass. 254, 257-262 (1986). Whether it was based on a mutual mistake is dependent upon the intent of the parties. *Id.* at 260 & n.6. Factors that may

be taken into consideration in determining the parties' intent include the language of the agreement; the circumstances of its negotiation and execution; the consideration paid for the release; the seriousness of the unknown injury; and the likelihood that the release would not have been signed if the injury had been known. *Id.* at 261.

The record presented to the motion judge contained averments by the plaintiffs that they believed that the release in question applied solely to the injury resulting from a medical instrument left inside Leblanc during the laparoscopy performed by the defendant on March 16, 1992, based on representations made by an insurance adjuster to them and the language of the release that not only specifically referred to this incident but also released from liability the manufacturer of the instrument and another physician who assisted in this procedure. Given the additional circumstances demonstrated by the summary judgment materials that the plaintiffs as well as the defendant were completely unaware at the time of the execution of the release that Diane Leblanc had a left ovary that would cause her serious problems in the future, and the fact that the plaintiffs, without legal advice, accepted $7,000 for the release of all claims, known and unknown, we are of the opinion that the plaintiffs have met their burden of presenting a genuine factual issue that precludes summary judgment, namely whether the parties intended to release liability for the defendant's failure in June, 1992, to detect and remove her left ovary. *Id.* at 261, 262 & n.10.

*Judgment reversed.*